IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY DAVIS,

    Petitioner,

    v.

WARDEN, ALLEN OAKWOOD
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:15-CV-02971
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner brings the instant *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court pursuant to its own motion to consider the sufficiency of the *Petition* under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the *Petition* be dismissed as barred by the one-year statute of limitations of 28 U.S.C. § 2244(d).

**Procedural History**

This case relates to various sentences Petitioner received in the Ohio courts, including his May 16, 1977 conviction and sentence in the Franklin County Court of Common Pleas on one count of aggravated robbery for which the trial court imposed a sentence of four to twenty-five years of incarceration. Petitioner does not now challenge his underlying judgments of conviction, but subsequent actions of the Ohio Department of Rehabilitation and Correction. On November 6, 2013, Petitioner filed a complaint for declaratory judgment in the state trial court in which he asserted that the sentence imposed in Case Number 77CR-03-665B had expired. On March 21, 2014, the trial court dismissed the complaint. Petitioner also filed a petition for a writ of habeas corpus in the Ohio Supreme Court. He asserted his sentence had completely expired,

and that he was being punished multiple times for the same offense. On May 20, 2015, the Ohio Supreme Court *sua sponte* dismissed his habeas corpus petition.

On September 1, 2015, Petitioner signed the instant *Petition*. On November 4, 2015, the United States District Court for the Northern District of Ohio transferred it to this Court. (ECF No. 4.) Petitioner asserts that the Ohio Department of Rehabilitation has improperly imposed consecutive terms of incarceration on his criminal convictions from May 16, 1977, September 18, 1985, January 12, 1987, and October 19, 1989. Petitioner states that the Ohio Department of Rehabilitation and Correction calculated his maximum release date on his May 16, 1977, sentence of four to twenty-five years to be March 7, 2002. *Memorandum in Support* (ECF 1-2, PageID# 19.) On his remaining convictions, Petitioner contends that the Ohio Department of Rehabilitation improperly calculated his maximum release date(s) to be December 6, 2002, September 1, 2003, and April 6, 2028, respectively. According to Petitioner, on November 20, 1995, he received a final release from parole on all of the foregoing sentences. He alleges that the DRC improperly construed his sentences to run consecutively to each other on October 18, 1985, January 20, 1987, and October 24, 1989. *See Petition* (ECF No. 1, PageID# 5.)[1] Petitioner also argues that the trial court failed to make the necessary findings for imposition of consecutive terms of incarceration, and that the Ohio Department of Rehabilitation and Correction "took it upon itself to ORDER the sentence(s) imposed to be served consecutively" without giving him an opportunity to be heard. *Memorandum in Support* (ECF No. 1-2, PageID# 24.) He asserts that imposition of consecutive terms of incarceration violates the Double

---

[1] According to Petitioner, on October 18, 1989, his maximum release date in Case Number 84-CR-2963 mistakenly was set for December 6, 2002. On January 20, 1987, the maximum release date in Case Number 86-C-101 mistakenly was set for September 1, 2003. On October 24, 1989, the maximum release date in Case Number 3133 mistakenly was set for April 6, 2028. *Memorandum in Support* (ECF No. 1-2, PageID# 19.) Petitioner has submitted Exhibits in support. (See ECF Nos. 1-4 through 1-11, PageID# 31.)

Jeopardy Clause because he is being held beyond his maximum release date. (PageID# 25.) He asserts that his continued incarceration constitutes a violation of his plea agreement because he remains incarcerated long after his sentence of four to twenty-five years should have expired. (PageID# 28.)

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The provision of 28 U.S.C. § 2244(d)(1)(D) applies to the scenario in this case because Petitioner does not challenge his underlying judgments of conviction.  Instead, Petitioner alleges that State action impeded his timely filing or that the United States Supreme Court has newly recognized a constitutional right that has been retroactively applied to cases on collateral review.  *See, e.g., Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir. 2007) ("Sixth Circuit precedent dictates [] that courts determine the beginning of the one-year statute of limitations period based on the content of the prisoner's claim."); *Ali v. Tennessee Bd. of Pardon and Paroles*, 431 F.3d 896 (6th Cir. 2005) (applying § 2244(d)(1)(D) to a petitioner's challenge to the denial of his release on parole).

Under 28 U.S.C. § 2244(d)(1)(D), the Petitioner must file his habeas corpus petition one year from the date that his claim "could have been discovered through the exercise of due diligence."  The question under this provision is not when a prisoner first learns of the factual predicate for his claim, but when he should have learned of it had he exercised reasonable care.  *Townsend v. Lafler,* 99 F. App'x 606, 608 (6th Cir. 2004) (citations omitted).  "Section 2244(d)(1)(D). . . does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support a claim."  *Brooks v. McKee*, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2004) (citation omitted).  "[T]he accrual of the statute of limitations does not await the collection of evidence which supports the facts."  *Id.* (citations omitted).  It is the Petitioner's burden to establish that he exercised due diligence in searching for the factual predicate of his claim.  *Redmond v. Jackson*, 295 F. Supp. 2d 767, 772 (E.D. Mich. 2008) (citing *Stokes v. Leonard,* 36 F. App'x 801, 804 (6th Cir. 2002)).

Petitioner has failed to meet this burden here.  He states that he "sent letters with entries, to the Bureau of Sentence Computation and Records Management of the State of Ohio

attempting to resolve" the matter. (ECF No. 1, PageID# 7.) He contends that the one-year statute of limitations does not apply because the actions of the State of Ohio violate the provision of 28 U.S.C. § 2254(d), and he filed the *Petition* within one-year of the Ohio Supreme Court's dismissal of his state habeas corpus petition. (PageID# 13-14.) He further argues that "it would be a grave miscarriage of justice for this Court to refuse to look at the merits" of his claims. (PageID# 14.)

However, Petitioner claims that he is being held beyond expiration of a sentence of four to twenty-five years incarceration that was imposed in 1977. He contends that the DRC improperly construed his maximum release dates on sentences imposed in 1985, 1987, and 1989. He contends that his maximum release date on the May 1977 conviction was March 7, 2002. *Memorandum in Support* (ECF No. 1-2, PageID# 19.) He states that he was released from parole in 1995. (ECF 1-9, PageID# 12.)

At the latest, Petitioner would have known in March 2002, when he alleges that he should have been released on his sentence of four to twenty-five years, of the basis for his claim that the Ohio Department of Rehabilitation and Correction improperly construed his sentences to run consecutively to each other. The record fails to reflect why it took so long for Petitioner to realize that the Ohio Department of Correction and Rehabilitation continued to hold him on sentences that purportedly had already expired. Further, he indicates that the Ohio Department of Rehabilitation and Corrections committed the error(s) in 1985, 1987, and 1989, suggesting that he could have learned much earlier of the factual predicate for his claims. Under these circumstances, the habeas corpus petition is not timely under the provision of 28 U.S.C. § 2244(d)(1)(D). *See, e.g., Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 611 (6th Cir. 2013) (a failure to explain the delay will not establish due diligence); *McSwain v. Davis*, 287

F. App'x 450, 454 (6th Cir. 2008) (where record was silent as to reasons that the petitioner did not discover the factual predicate for his claim, he failed to meet his burden of establishing due diligence).

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Elizabeth A. Preston Deavers
Elizabeth A. Preston Deavers
United States Magistrate Judge