IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY DAVIS,

            CASE NO. 2:15-CV-02971
  Petitioner,          JUDGE ALGENON L. MARBLEY
            Magistrate Judge Elizabeth P. Deavers

  v.

ALLEN/OAKWOOD
CORRECTIONAL INSTITUTION,

  Respondent.

**OPINION AND ORDER**

On November 19, 2015, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). (ECF No. 5.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 8.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 8) is **OVERRULED.** The *Report and Recommendation* (ECF No. 5) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner's request for a certificate of appealability is **DENIED.**

Petitioner asserts that the Ohio Department of Rehabilitation has improperly imposed consecutive terms of incarceration on his criminal convictions from May 16, 1977, September 18, 1985, January 12, 1987, and October 19, 1989. Petitioner states that the Ohio Department of Rehabilitation and Correction calculated his maximum release date on his May 16, 1977, sentence of four to twenty-five years to be March 7, 2002. *Memorandum in Support* (ECF No.

1-2, PageID# 19.)  On his remaining convictions, Petitioner contends that the Ohio Department of Rehabilitation improperly calculated his maximum release date(s) to be December 6, 2002, September 1, 2003, and April 6, 2028, respectively.  According to Petitioner, on November 20, 1995, he received a final release from parole on all of the foregoing sentences.  He alleges that the DRC improperly construed his sentences to run consecutively to each other on October 18, 1985, January 20, 1987, and October 24, 1989.  *See Petition* (ECF No. 1, PageID# 5.)  Petitioner also argues that the trial court failed to make the necessary findings for imposition of consecutive terms of incarceration, and that the Ohio Department of Rehabilitation and Correction "took it upon itself to ORDER the sentence(s) imposed to be served consecutively" without giving him the opportunity to be heard.  *Memorandum in Support* (ECF No. 1-2, PageID# 24.)  He asserts that imposition of consecutive terms of incarceration violates the Double Jeopardy Clause.  (PageID# 25.)  He asserts that his continued incarceration violates the terms of his plea agreement because he remains incarcerated long after his sentence of four to twenty-five years should have expired.  (PageID# 28.)

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as time-barred.  Petitioner asserts that equitable tolling of the statute of limitations should be applied because the Antiterrorism and Effective Death Penalty Act ("AEDPA") did not impose a one-year statute of limitations on the filing of federal habeas corpus petitions until 1996, and he did not obtain any actual notice regarding the one-year statute of limitations for filing when he re-entered prison in 2005.  *Objection* (ECF No. 8, PageID# 68.)  Petitioner asserts that he acted diligently in pursuing relief, because he did not learn of his scheduled release dates on the sentences at issue until 2013, when he appeared before the Ohio Parole Board on an unrelated case, and he immediately thereafter contacted the Bureau of Sentence Computation, and initiated

state court action in order to exhaust his claims. Petitioner argues that the Respondent will not be prejudiced by equitable tolling of the statute of limitations in this case.

      This Court is not persuaded by Petitioner's arguments. As noted by the Magistrate Judge, under the terms of 28 U.S.C. § 2244(d)(1)(D), that the one-year statute of limitations began to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Here, the record reflects that Petitioner has been released and re-released on parole on numerous occasions since May 1977. As early as October 1989, when he was re-incarcerated and sentenced in Morrow County to five to twenty-five years on aggravated burglary, the DRC indicated that his sentence would run consecutively to his parole violation "for a 50 years maximum sentence and a new maximum expiration of sentence of 4/6/2028." *Exhibit B to Petition* (ECF No. 1-5, PageID# 32.) Petitioner was subsequently re-paroled in 1995, and re-arrested several times thereafter on new criminal charges and resulting parole revocations, increasing his maximum expiration date of sentence to 2032. (PageID# 33.) Petitioner's allegation that he had no idea, until 2013, of the impact of his new convictions and sentences and resulting parole revocations on his anticipated release date is disingenuous in view of the record before the Court. As noted by the Magistrate Judge, at the latest, Petitioner would have known in March 2002, when he alleges that he should have been released on his sentence of four to twenty-five years, of the basis for his claim that the DRC had improperly construed his sentences to run consecutively to each other and was continuing to hold him beyond his expected release date. Further, Petitioner indicates that the DRC committed the errors complained of in 1985, 1987, and 1989, suggesting that he could have learned much earlier of the basis for the claim(s) he now raises in these proceedings. Under the provision of 28 U.S.C. § 2244(d)(1)(D), the statute of limitations begins to run on the date that the Petitioner

3

should have learned of the factual basis for his claim had he exercised reasonable care. *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004) (citations omitted). Petitioner has failed to meet his burden of establishing that he exercised due diligence in searching for the factual predicate of his claim. *See Redmond v. Jackson*, 295 F.Supp.2d 767, 772 (E.D. Mich. 2008)(citing *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002)). Further, Petitioner would not have acted reasonably in remaining unaware of the imposition of one-year statute of limitations for the filing of habeas corpus petitions for the time period at issue here.

The record likewise fails to reflect that equitable tolling of the statute of limitations is warranted. A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 650 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[P]etitioner bears the . . . burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id*. at 560–61. The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective pleading, or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642–43 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge

4

regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (citation omitted). These conditions are typical of most habeas corpus petitioners and do not constitute an extraordinary circumstance beyond the Petitioner's control. *Lowe v. State*, 2013 WL 950940, at *7 (S.D.Ohio March 12, 2013) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). Petitioner has failed to meet this standard here.

The one-year statute of limitations may also be subject to equitable tolling upon a "credible showing of actual innocence." *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11 CV 1271, 2012 WL 487991 (N.D. Ohio Feb.14, 2012) (citing *Souter,* 395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *See Bousely v. United States,* 523 U.S. 614, 623 (1998). Equitable tolling is required upon a showing of actual innocence because the refusal to consider even an untimely habeas petition would cause a fundamental miscarriage of justice. *See Patterson v. Lafler*, No. 10-1379, 2012 WL 48186, at *3 (6th Cir. Jan. 9, 2012). The Petitioner must overcome a high hurdle in order to establish his actual innocence, and he has failed to do so here.

For all of the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 8) is **OVERRULED**. The *Report and Recommendation* (ECF No. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

Petitioner has requested a certificate of appealability.  "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)  The petitioner must establish the substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983).  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.  Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

The Court is not persuaded that reasonable jurists would find it debatable whether the Court correctly dismissed Petitioner's claims as time-barred or whether the petition states a valid

6

claim of the denial of a constitutional right.  Petitioner's request for a certificate of appealability therefore is **DENIED.**

    **IT IS SO ORDERED**.

|  |  |
|---|---|
| DATED:  June 27, 2016 |   s/Algenon L. Marbley<br>ALGENON L. MARBLEY<br>United States District Judge |